**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NUMBER 1:25-CR-00014-MJT** |
| **v.** | § | |
| | § | |
| | § | |
| **ANTONIO DEWAYNE JACKSON** | § | |
| | § | |

**REPORT AND RECOMMENDATION ON**
**THE DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge to determine whether the Defendant, Antonio Dewayne Jackson, is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.[1]

I.

On April 30, 2025, counsel for the Defendant, Mr. Albert Fong, filed a motion pursuant to Title 18, United States Code, §§§ 4241, 4242, and 4247 requesting that the court order psychiatric and psychological examinations to determine Defendant's "sanity at the time of the commission of the offense" and on "the issue of any mental disease or defect or any other mental condition of the defendant bearing on the issue of his guilt." Dkt. #27, p. 2. The court granted the request, in part, and ordered a psychologist and/or psychiatrist conduct an examination to determine the Defendant's competency. Dkt. #28. The Defendant was subsequently evaluated

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the undersigned proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

1

by Samuel Browning, Ph.D., Licensed Psychologist at the Federal Correctional Institution in Fort Worth, Texas and found competent as noted in a report to the court dated July 7, 2025.  Dkt. #34. On August 2, 2025, Mr. Fong filed another *Unopposed Motion for Psychiatric Exam* (Dkt. # 35) asking the court to order an examination to determine the Defendant's sanity at the time of the commission of the offense, pursuant to 18 U.S.C. § 4241(d).  In the motion, Mr. Fong expressed concern that the Defendant might have suffered a traumatic brain injury which can cause long term memory loss.  The undersigned held a hearing on the motion on August 11, 2025, and granted the request.  Dkt. #37.  The Defendant returned to the FMC Fort Worth from September 4 through October 3, 2025, for a psychological examination to determine sanity.  Dr. Browning concluded that the Defendant was not "suffering from a severe mental disease or defect that impaired his overall ability to appreciate the nature and quality, or wrongfulness, of his alleged offense behavior."  Dkt. #45, p. 11.

A competency hearing was scheduled for January 6, 2026.  However, Mr. Fong requested a two-month continuance to obtain a neurological exam (at the Defendant's expense) to determine whether the Defendant suffered a traumatic brain injury (or other condition) that affects his long term memory.  The continuance was granted and the competency hearing was rescheduled for March 24, 2026.[2]  At the hearing, neither party objected to the admissibility of Dr. Browning's reports.  Although Mr. Fong stated that he disagreed with the conclusion that the Defendant is competent to proceed, he presented no evidence to contradict Dr. Browning's findings or that the Defendant suffered from a traumatic brain injury that affects his long-term memory.

---

[2]  The undersigned is unaware whether the Defendant underwent the neurological exam, but no report was filed with the court.

II.

"Competency is an important component of due process in a criminal trial, and, as [the Fifth Circuit Court of Appeals] has recognized, also implicates 'an accused's Fifth and Sixth Amendment rights to a fair trial and effective assistance of counsel.'" *United States v. Atkins*, 294 F. App'x 892, 896–97 (5th Cir. 2008) (citing *United States v. Swanson,* 572 F.2d 523, 526 (5th Cir. 1978). However, amnesia, by itself, does not render a defendant incompetent. *United States v. Doke*, 171 F.3d 240, 248 (5th Cir. 1999); *Swanson,* 572 F.2d. at 525. For a defendant to be competent to stand trial, he must be able to "consult with his lawyer with a reasonable degree of rational understanding and ... [have] a rational as well as factual understanding of the proceeding against him." *Dusky v. United States*, 362 U.S. 402 (1960); *see also United States v. Jackson*, 140 F.4th 263, 268 (5th Cir. 2025). A defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 18 U.S.C. § 4241(a). 18 U.S.C. § 4241(d).

III.

The only evidence of the Defendant's competency is Dr. Browning's report, which is thorough and well-supported. It reflects personal observation, a review of the Defendant's available medical history, the administration of appropriate psychological testing, and a careful assessment of the Defendant's abilities under the applicable competency standards. Dr. Browning evaluated the Defendant through interviews, analyzed his background and performance during testing, and considered the relevant records in forming his conclusions. Importantly, Mr. Fong produced no evidence to contradict or rebut Dr. Browning's opinion.

Therefore, the undersigned finds that the Defendant has a rational and factual understanding of the proceeding against him, and has sufficient present ability to consult with his

attorney with a reasonable degree of rational understanding and recommends that the Court adjudge him competent to proceed.[3]  18 U.S.C. § 4241(d); *see also Dusky v. United States,* 362 U.S. 402 (1960).  It is further recommended that the speedy trial time be excluded from April 30, 2025 (the date the Defendant filed an Unopposed Motion for Psychiatric Exam), until the date on which the District Judge signs the order adopting this report and recommendation.

IV.

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation.  Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such

---

[3] This finding should be made without prejudice, subject to reassertion or *sua sponte* inquiry if the evidence raises a *bona fide* doubt as to the Defendant's competency.  *United States v. Jackson*, 140 F.4th 263, 269 (5th Cir. 2025); *Mata v. Johnson*, 210 F.3d 324 (5th Cir. 2000).

findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 27th day of March, 2026.

_____
Zack Hawthorn
United States Magistrate Judge